Jerry J. Jarzombek, Esq.
714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 fax

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 1 2 2006

DAVID J. MALAND, CLERK
BY
DEPUTY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JIMMY C. SHELTON, SR. and<br>NEVA L. SHELTON,<br><br>Plaintiffs,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br>DANIEL STIFFLER, JOHN ROSA and<br>JOSEPH STANAPECO,<br><br>Defendants. | §§§§§§§§§§§§§§§ | Civil Action No. 4:06cv233<br><br>**COMPLAINT**<br>**and**<br>**DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices) |

**Preliminary Statement**

1. Plaintiffs, Jimmy C. Shelton, Sr. and Neva L. Shelton, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendants' violations of the FDCPA and the TDCA.

2. Defendants, NCO Financial Systems, Inc. ("NCO"), Daniel Stiffler ("Stiffler"), John Rosa ("Rosa") and Joseph Stanapeco ("Stanapeco") attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiffs' son Jimmy Shelton Jr., arising from a purported obligation to Sears which NCO claims to have acquired. The obligation ("Debt") required Plaintiffs' son to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.

## Jurisdiction and Venue

3. Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of pendent jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

4. Venue in the Eastern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendants transact business here.

## Parties

5. Plaintiffs are each a citizen of the State of Texas. Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Finance Code § 392.001(1).

6. NCO is a collection agency engaged in the business of collecting consumer debts in the Eastern District of Texas. The principal purpose of NCO's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others. NCO is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). NCO is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

7. Stiffler is an individual engaged in the business of collecting consumer debts in the Eastern District of Texas. The principal purpose of Stiffler's business is the collection of consumer debts using the mails and telephone, and Stiffler regularly attempts to collect consumer debts for others. Stiffler is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). Stiffler is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7). Stiffler is employed by NCO as a Collector. Stiffler claims that he works at 507 Prudential Rd., Horsham, PA, 19044.

8. Rosa is an individual engaged in the business of collecting consumer debts in the Eastern District of Texas. The principal purpose of Rosa's business is the collection of consumer debts using the mails and telephone, and Rosa regularly attempts to collect consumer debts for others. Rosa is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). Rosa is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7). Rosa is employed by NCO as a Collector.

9. Stanapeco is an individual engaged in the business of collecting consumer debts in the Eastern District of Texas. The principal purpose of Stanapeco's business is the collection of consumer debts using the mails and telephone, and Stanapeco regularly attempts to collect consumer debts for others. Stanapeco is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). Stanapeco is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7). Stanapeco is employed by NCO as a Collector.

## Factual Allegations

10. On or about January 18, 2006, Plaintiff, Jimmy C. Shelton Sr. ("Jimmy"), age 68, had a telephone conversation with Stiffler. Stiffler was attempting to contact Jimmy's son regarding a Sears bill. Ultimately, Jimmy agreed to pay the bill, in the amount of some $2,050.00, and provided his checking account information to Stiffler. Jimmy and his wife, Neva L. Shelton ("Neva"), age 68, began to search the internet for an entity known as "NCO Financial." They found such an entity, and Jimmy telephoned in an effort to confirm the legitimacy of the checking transaction with Stiffler. However, the recipient of the call was unaware of anyone named Daniel Stiffler. Plaintiffs decided to stop payment on the check, fearing that the transaction was some sort of scam upon the elderly. Jimmy went to the back the next morning and closed the checking account.

11. On or about February 2, 2006, at 7:25 a.m., and man identifying himself as John Rosa telephoned the Plaintiffs' residence and spoke to Neva. Rosa asked to speak to Jimmy, who was still asleep. When Neva advised Rosa of that fact, Rosa said that Jimmy had "bounced a check" and asked that Jimmy return the call to 800-976-8307.

12. On or about February 3, 2006, at 8:53 a.m., Stiffler telephoned the Plaintiffs' residence and spoke to Neva. Stiffler asked to speak to Jimmy, who was still asleep. When Neva advised Stiffler of that fact, Stiffler said that Jimmy "is going to jail" because he "bounced a check across state lines" and that is a "class three felony." Stiffler added that "you cannot go to jail for a debt, but you can for bouncing a check across state lines." Stiffler went on to say that he would "put my five lawyers up against your one and you will lose." Stiffler asked that a call be returned to 888-478-9622.

13. On or about February 7, 2006, at 9:30 a.m., Stiffler telephoned the Plaintiffs' residence and spoke to Jimmy. Stiffler told Jimmy that he was "culpable" for the debt because he got involved and provided his checking account number. Jimmy told Stiffler not to call him or his wife anymore.

14. On or about February 8, 2006, at 1:30 p.m., an individual identifying himself as Joseph Stanapeco telephoned the Plaintiffs' residence and left a message to call 800-252-9048.

15. On or about February 9, 2006, at 1:29 p.m., Stanapeco telephoned the Plaintiffs' residence and spoke to Jimmy. Jimmy asked Stanapeco for the identity of the company he was with, and Stanapeco replied, "NCO, sir." However, when Jimmy asked for the address of NCO, Stanapeco refused to provide it. Jimmy advised Stanapeco that he stopped payment on the check because he feared that the transaction was fraudulent. Stanapeco claimed, "the fraud was against NCO." Stanapeco demanded the telephone number for Jimmy's son, and Jimmy refused to provide it. Stanapeco told Jimmy, "first you write a bad check, then you won't give up the number."

16. On or about February 28, 2006, at approximately 10:30 a.m., Stiffler telephoned Plaintiffs' residence and spoke to Jimmy. Stiffler continued his collection attempts, which included the following representations:

    a. "…we need you to make the check good sir – because this is a debt that does have to be paid … it could have serious repercussions against your son … the statute of limitations is 2010 … they will proceed against your son…"

    b. "… you tendered a bad check across state lines … according to the law, that's a felony …"

    c. "… by issuing that check, you were basically entering into a binding contract … that basically is an automatic assumption of liability according to the law."

   d. "... there are consequences to the games you are playing ... I will expect your call no later that 3 p.m. Eastern Standard time, with that checking account information, to reissue this check and make it good ..." When Jimmy asked if that was an ultimatum, Stiffler replied "yes sir, it is, and you can count on it, because I follow through to the full extent of federal and state regulations."

17. After reasonable opportunity for further investigation and discovery, the Plaintiffs say that the Plaintiffs will have evidentiary support to show that Defendants, NCO, Stiffler and Stanepeco made false statements to Plaintiffs in connection with the collection of a consumer debt.

18. After reasonable opportunity for further investigation and discovery, the Plaintiffs say that the Plaintiffs will have evidentiary support to show that Defendant, Rosa, called at a time inconvenient to Plaintiffs, namely, 7:25 a.m.

19. After reasonable opportunity for further investigation and discovery, the Plaintiffs say that the Plaintiffs will have evidentiary support to show that they were not responsible for the debt of their son, and at no time were they ever provided any notice of their validation rights.

20. The foregoing acts and omissions were undertaken on behalf of the Defendants by their respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

21. The foregoing acts and omissions of the Defendants were undertaken by each of them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiffs.

22. The foregoing acts and omissions of the Defendants were undertaken by each of them indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiffs.

## First Claim for Relief

23. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. The Defendants' violations of the FDCPA include, but are not limited to the a. following:

   a. In violation of 15 U.S.C. § 1692c(a)(1), the Defendants, NCO and Rosa, telephoned at an inconvenient time, namely, telephoning Neva prior to 8 a.m., to collect a consumer debt.

   b. In violation of 15 U.S.C. § 1692d, the Defendants, NCO, Stiffler and Stanapeco, engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included:

      i. Claiming Jimmy had committed a crime.

      ii. Claiming Jimmy was going to jail.

      iii. Claiming Jimmy had committed fraud.

      iv. Claiming that Jimmy was legally obligated to pay his son's debt.

      v. Refusing to provide any written documentation, including the address, of NCO.

      vi. Providing legal advice regarding Jimmy's purported legal obligations, alleged crimes, and the running of the statute of limitations, without being licensed to practice law.

   c. In violation of 15 U.S.C. § 1692d, the Defendants, NCO and Rosa, engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included telephoning Neva prior to 8 a.m., to collect a consumer debt.

   d. In violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e (2)(a), 15 U.S.C. § 1692e(10), and the "least sophisticated consumer standard," the Defendants used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt.

e. In violation of 15 U.S.C. § 1692e(5) and the "least sophisticated consumer standard," the Defendants threatened to take an action which cannot legally be taken or that is not intended to be taken.

f. In violation of 15 U.S.C. § 1692f, the Defendants, NCO, Stiffler and Stanapeco, used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included:

  ii. Claiming Jimmy had committed a crime.

  ii. Claiming Jimmy was going to jail.

  iii. Claiming Jimmy had committed fraud.

  iv. Claiming that Jimmy was legally obligated to pay his son's debt.

  v. Refusing to provide any written documentation, including the address, of NCO.

  vi. Providing legal advice regarding Jimmy's purported legal obligations, alleged crimes, and the running of the statute of limitations, without being licensed to practice law.

f. In violation of 15 U.S.C. § 1692f, the Defendants, NCO and Rosa, used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included telephoning Neva prior to 8 a.m., to collect a consumer debt.

g. In violation of 15 U.S.C. § 1692g(a), at no time (specifically including the five days after the Defendant's initial communication with the Plaintiffs in connection with the collection of a consumer debt) did the Defendant send the following information:

  i. The amount of the debt.

  ii. The name of the creditor to whom the debt is owed.

  iii. A statement that unless the Plaintiff(s), within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendant.

      iv.    A statement that if the Plaintiff(s) notifies the Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendant will obtain verification of the debt or a copy of a judgment against the Plaintiff(s) and a copy of such verification or judgment will be mailed to the Plaintiff(s) by the Defendant.

      v.    A statement that, upon the Plaintiffs' written request within the thirty-day period, the Defendant will provide the Plaintiff(s) with the name and address of the original creditor, if different from the current creditor.

24. Under 15 USC § 1692k, the Defendants' violations of the FDCPA render them jointly and severally liable to Plaintiffs for statutory damages, declaratory relief, costs, and reasonable attorney's fees.

## Second Claim for Relief

25. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. The Defendants' violations of the TDCA include, but are not limited to the following:

    a.    In violation of Tex. Fin. Code § 392.301(a)(2), the Defendants accused falsely or threatened to accuse falsely, a person of fraud or any other crime.

    b.    In violation of Tex. Fin. Code § 392.301(a)(8), the Defendants threatened to take (and/or did take) an action prohibited by law.

    c.    In violation of Tex. Fin. Code Ann. § 392.302(1), Defendants have attempted to collect a debt through oppression, harassment, or abuse by using language intended to abuse unreasonably the hearer or reader.

    d.    In violation of Tex. Fin. Code § 392.304(a)(8), the Defendants misrepresented the character of a consumer debt.

    e.    In violation of Tex. Fin. Code § 392.304(a)(19), Defendants used false representations and deceptive means to collect a consumer debt.

26. Under Tex. Fin. Code Ann. § 392.403, the Defendants' violations of the TDCA render them jointly and severally liable to Plaintiffs for statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

### Third Claim for Relief

27. The Plaintiffs repeat, reallege and incorporate by reference the foregoing paragraphs. Pursuant to Tex.Fin.Code Ann. § 392.404, the Defendants' violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), and is actionable under that subchapter.

28. Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendants' violations of the DTPA render them jointly and severally liable to Plaintiffs for injunctive relief, and reasonable attorney's fees.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1. Declare that Defendants' actions violate the FDCPA and the TDCA.

2. Enjoin the Defendants' actions which violate the TDCA and the DTPA.

3. Enter judgment in favor of Plaintiffs and against Defendants for statutory damages, actual damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403

4. Grant such further relief as deemed just.

Dated: June 7, 2006.

                                            Respectfully submitted,

Jerry J. Jarzombek
Texas Bar No. 10589050

714 W. Magnolia Avenue
Fort Worth, Texas 76104
Voice: 817-348-8325
Fax: 817-348-8328

ATTORNEY FOR PLAINTIFFS

# DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Dated: June 7, 2006.

        Respectfully submitted,

        Jerry J. Jarzombek
        Texas Bar No. 10589050

        714 W. Magnolia Avenue
        Fort Worth, Texas 76104
        Voice: 817-348-8325
        Fax: 817-348-8328

        ATTORNEY FOR PLAINTIFFS