IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JIMMY C SHELTON, SR and<br>NEVA L SHELTON, | §<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO 4:06-cv-233-RAS<br>(JURY DEMAND) |
| NCO FINANCIAL SYSTEMS, INC.,<br>DANIEL STIFFLER, JOHN ROSA<br>And JOSEPH STANAPECO, | §<br>§<br>§ | |
| Defendants | §<br>§<br>§ | |

## DEFENDANT NCO FINANCIAL SYSTEMS, INC.'S
## ORIGINAL ANSWER TO PLAINTIFFS' COMPLAINT

TO THE HONORABLE COURT.

Defendant NCO Financial Systems, Inc ("NCO") hereby files this Answer to Plaintiffs' Original Complaint ("Complaint"), and pursuant to the Federal Rules of Civil Procedure states as follows:

## PRELIMINARY STATEMENT

1    NCO admits plaintiff purports to bring this action pursuant to the Federal Debt Collection Practices Act ("FDCPA"), 15 U S C  § 1692 *et seq.*, as well as under the Texas Debt Collection Act ("TDCA"), Tex  Finance Code § 392 001 *et seq.*, but denies any violation or liability as alleged in paragraph 1

2    NCO admits that it attempted to collect a debt owed by Jimmy C  Shelton Except as specifically admitted, the allegations contained in paragraph 2 are denied

## JURISDICTION AND VENUE

3.      NCO does not contest the jurisdiction of this Court as alleged in paragraph 3

4       NCO does not contest the venue of this lawsuit as alleged in paragraph 4

## PARTIES

5       NCO denies the allegations in paragraph 5 for lack of sufficient information to justify a belief therein

6       NCO admits that regularly engages in the collection of debt. NCO further admits that when it acts as a debt collector, as defined by the FDCPA and Texas Finance Code, it may be subject to regulation pursuant to 15 U S C. § 1692 and Tex Finance Codes 392.001. Except as specifically admitted, NCO denies the remaining allegations in paragraph 6

7.      NCO denies that Daniel Stiffler is an NCO employee. NCO denies the remaining allegations in paragraph 7 for lack of sufficient information to justify a belief therein

8       NCO admits that John Rosa is an NCO employee. NCO denies the remaining allegations in paragraph 8 for lack of sufficient information to justify a belief therein

9       NCO admits that Joseph Stanapeco is an NCO employee. Except as specifically admitted, NCO denies the remaining allegations in paragraph 9 for lack of sufficient information to justify a belief therein

## FACTUAL ALLEGATIONS

10      NCO admits that its records reflect that a telephone call was made on or about January 18, 2006 to plaintiff. NCO further admits that a settlement agreement was reached with plaintiffs in the amount of $2,050.00 and that plaintiffs stopped payment on the check. Except as

specifically admitted, NCO denies the remaining allegations in paragraph 10 for lack of sufficient information to justify a belief therein

11.     NCO admits, upon information and belief, that a telephone call was made on or about February 2, 2006 at approximately 7.25 a.m. Except as specifically admitted, NCO denies the remaining allegations in paragraph 11 for lack of sufficient information to justify a belief therein

12.     NCO admits that its records reflect that a telephone call was made on or about February 3, 2006 at approximately 10:02 a.m. Except as specifically admitted, NCO denies the remaining allegations in paragraph 12 for lack of sufficient information to justify a belief therein

13.     NCO admits that its records reflect that a telephone call was made on or about February 7, 2006. Except as specifically admitted, NCO denies the remaining allegations in paragraph 13 for lack of sufficient information to justify a belief therein.

14.     NCO admits that its records reflect that a message was left on plaintiffs' answering machine on or about February 8, 2006. Except as specifically admitted, NCO denies the remaining allegations in paragraph 14

15.     NCO admits that its records reflect that a telephone call was made to plaintiffs on or about February 9, 2006 at approximately 1.30 p.m. Except as specifically admitted, NCO denies the remaining allegations in paragraph 15 for lack of sufficient information to justify a belief therein

16.     NCO admits that its records reflect that a telephone call was made on or about February 28, 2006, at approximately 12.00 p.m. Except as specifically admitted, NCO denies the remaining allegations in paragraph 16

17.     NCO denies the allegations in paragraph 17

18.     NCO denies the allegations in paragraph 18 for lack of sufficient knowledge to justify a belief therein

19.     NCO denies the allegations in paragraph 19

20      NCO denies the allegations in paragraph 20

21      NCO denies the allegations in paragraph 21

22.     NCO denies the allegations in paragraph 22

## FIRST CLAIM FOR RELIEF

23.     In response to paragraph 23, NCO incorporates by reference its admissions and denials set forth in all of the above paragraphs.  NCO denies the remaining allegations in paragraph 23.

24      NCO denies any liability and denies that plaintiffs are entitled to the relief sought.

## SECOND CLAIM FOR RELIEF

25      In response to paragraph 25, NCO incorporates by reference its admissions and denials set forth in all of the above paragraphs.  NCO denies the remaining allegations in paragraph 25.

26      NCO denies any liability and denies that plaintiffs are entitled to the relief sought

## THIRD CLAIM FOR RELIEF

27      In response to paragraph 27, NCO incorporates by reference its admissions and denials set forth in all of the above paragraphs   NCO denies the remaining allegations in paragraph 27.

28      NCO denies any liability and denies that plaintiffs are entitled to the relief sought

## PRAYER FOR RELIEF

29      NCO denies that plaintiffs are entitled to the relief sought

---

## AFFIRMATIVE DEFENSES

AND NOW, in further answer to the Complaint, NCO states as follows.

## FIRST AFFIRMATIVE DEFENSE

One or more counts and/or claims of the Complaint fails to state a claim upon which relief can be granted

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692(k), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error notwithstanding maintenance of procedures reasonably adapted to avoid such error.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by applicable statutes of limitation

## FOURTH AFFIRMATIVE DEFENSE

Assuming that plaintiffs suffered any damages, plaintiffs have failed to mitigate their damages or take other reasonable steps to avoid or reduce their damages

## FIFTH AFFIRMATIVE DEFENSE

Any harm suffered by plaintiffs was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NCO, or for whom NCO is not responsible or liable

WHEREFORE, PREMISES CONSIDERED, Defendant NCO Financial Systems, Inc. prays that this Answer be deemed good and sufficient, that plaintiffs' lawsuit be dismissed with prejudice, and that this defendant recover its reasonable and necessary attorneys' fees incurred in the defense of this matter, along with costs and such other relief as to which it is justly entitled

Respectfully Submitted,


s/Harrison H. Yoss
Harrison H. Yoss        Texas Bar No. 22169030

THOMPSON, COE, COUSINS & IRONS, L.L.P
700 North Pearl Street, 25th Floor
Dallas, Texas 752201
Telephone: 214- 871-8200
Telecopy:  214-871-8209

**ATTORNEYS FOR DEFENDANT
NCO FINANCIAL SYSTEMS, INC.**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Defendant NCO Financial Systems, Inc.'s Original Answer to Plaintiffs' Complaint* has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on this 24th day of July, 2006.


s/Harrison H. Yoss
Harrison H. Yoss